UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BERNARD MURRAY,

          Petitioner,

v.

UNITED STATES OF AMERICA

          Respondent.

Civil Action No. 25-1423 (KMW)

**MEMORANDUM OPINION**

**WILLIAMS, District Judge:**

This matter comes before the Court on Petitioner Bernard Murray's response (ECF No. 3) to this Court's Order (ECF No. 2) directing him to show cause why his motion to vacate sentence should not be dismissed as untimely filed. For the following reasons, Petitioner's motion to vacate sentence shall be dismissed as time barred, and Petitioner shall be denied a certificate of appealability.

As this Court explained in its Order to Show Cause,

> Motions to vacate sentence are subject to a one-year statute of limitations which generally beings to run on the date when the petitioner's conviction becomes final, which occurs either upon the denial of a petition of certiorari or upon the expiry of the petitioner's time to appeal if he does not file an appeal following the entry of judgment. *See* 28 U.S.C. § 2255(f); *Dodd v. United States*, 545 U.S. 353, 357 (2005) ("In most cases, the operative date from which the limitation period is measured will be . . . the date on which the judgment of conviction becomes final"); *Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999). Although Petitioner was initially sentenced in 2006, he was resentenced following a remand in 2009 which resulted in his operative amended judgment of conviction which was entered on June 3, 2009. (*See* Docket No. 02-684 at ECF No. 396.) As Petitioner did not file an appeal following his resentencing, his amended judgment of conviction became final fourteen days later on June 17, 2009. *See Kapral*, 166 F.3d at 577, Fed. R. App. P. 4(b)(1). Thus, absent a basis for either a later

starting date for the limitations period or a basis for equitable tolling, Petitioner's current motion is time barred by more than fifteen years.

In his [motion to vacate sentence], Petitioner suggests that his motion should be entitled to a later accrual date for the statute of limitations because he believes there has been a change in the law which renders his conviction under 924(c) unlawful. Only one provision of § 2255(f) provides for a later start date under such circumstances – 28 U.S.C. § 2255(f)(3). Under that provision, the habeas limitations period will run on the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner does not identify what, if any, Supreme Court case he believes has made his conviction unlawful, and instead merely asserts that such must have occurred because he believes two of his co-defendants, Allen Resto and Lorenzo Hardwick, have received relief from their convictions. This belief, however, appears to be mistaken. Although both did file motions to vacate sentence which sought to challenge certain aspects of their § 924(c) convictions, it appears that both motions were denied with neither Hardwick or Resto receiving any relief. *See, e.g., Hardwick v. United States*, No. 12-7158, 2018 WL 4462397, at *10, 13, 13 n. 7 (D.N.J. Sept. 18, 2018); *Resto v. United States*, No. 12-3253, 2017 WL 2507003, at *4 (D.N.J. June 9, 2017). In any event, Petitioner has failed to identify any Supreme Court decision, which was made retroactively applicable to him, which provides the basis of his challenge to his conviction for possession of a weapon in relation to a drug trafficking crime, and thus has failed to show any basis for a later starting date for his habeas limitations period.

Petitioner has likewise not provided any valid basis for the equitable tolling of his limitations period. Although the § 2255 limitations period is subject to equitable tolling where the facts of the matter so warrant, such tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). Tolling therefore only applies where a petitioner shows "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *Johnson*, 590 F. App'x at 179 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Excusable neglect is insufficient to establish a basis for equitable tolling. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). As Petitioner has not provided any basis for tolling in his motion, and this Court perceives no basis from the record, it appears that

>Petitioner's current motion remains well and truly time barred by more than fifteen years.

(ECF No. 2 at 1-3.)

In his response to the Order to Show Cause, Petitioner fails to set forth any valid basis for the tolling of his limitations period or a later accrual date for his current motion to vacate sentence. Instead, Petitioner merely repeats his assertion that two of his co-defendants had their cases remanded for resentencing on only one, rather than multiple, § 924(c) counts, and he wishes to receive the same treatment. Although Petitioner asserts that this occurred sometime in 2022, this does not appear to be the case. A review of the underlying criminal docket shows that the remand for the dismissal of certain § 924(c) counts happened during the *direct appeal* in 2008, and all three of the defendants concerned, including Petitioner, received resentencings shortly thereafter. (*See* Docket Sheet for Docket No. 02-684; *See also* Docket No. 02-684 at ECF No. 389-1 at 21.) Petitioner's response provides no basis for granting of further relief, nor does it present any basis for why Petitioner believes he's entitled to further relief, why he believes his motion should not be considered massively untimely, or why this Court should not dismiss his motion. Because Petitioner's motion to vacate sentence is clearly time barred by well in excess of a decade, and because Petitioner has failed to show any basis for evading that bar, Petitioner's motion to vacate sentence is dismissed with prejudice as time barred.

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas [matter]

3

on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the [Petitioner's § 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As jurists of reason would not debate that Petitioner's motion to vacate is clearly time barred or that Petitioner failed to show any basis for equitable tolling, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and he is therefore denied a certificate of appealability.

In conclusion, Petitioner's motion to vacate sentence (ECF No. 1) is **DISMISSED WITH PREJUDICE** as time barred, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

/s/ Karen M. Williams

Hon. Karen M. Williams,
United States District Judge